## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

—————————————————

MARK ALAN LANE,

        Plaintiff,

        v.

FEDERAL BUREAU OF PRISONS,

        Defendant.

—————————————————

:     Civil Action No. 3:15-cv-660

:     (Judge Kosik)

## MEMORANDUM

Before this Court are Mark Alan Lane's Objections (Doc. 5) to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson (Doc. 4). For the reasons which follow, the Court will adopt the R&R of the Magistrate Judge and will dismiss Plaintiff's Complaint with prejudice.

### I. BACKGROUND

Lane, a federal prisoner currently incarcerated at the Federal Correctional Institution Schuylkill, commenced this Privacy Act lawsuit against the Federal Bureau of Prisons ("BOP"), on April 3, 2015. (Doc. 1.) Lane is serving a federal drug trafficking and money laundering sentence, imposed upon him by the United States District Court for the Southern District of Indiana in 2002, following Lane's guilty plea to the offenses. The Magistrate Judge noted that a greater context of Lane's Privacy Act lawsuit can be gleaned from his habeas corpus litigation. Lane v. Perdue, Civil No. 3:15-CV-576 and Civil No. 3:15-CV-600. Lane claims that his Judgment and Commitment Order ("J&C") is inaccurate because it contains fraudulent information, which the Magistrate Judge also noted from the habeas corpus petition, that the

gravaman of the complaints is Lane's assertion that there is a difference between the charges in

Lane's indictment and the court's sentence, both in terms of the charges and the drug quantities

alleged. Lane requested that the J&C be corrected, which was denied. (Id.) Lane also requested

that the J&C be supplemented with a copy of his Grand Jury Indictment, and the BOP granted his

request. (Id.)

In the R&R, the Magistrate Judge recommended dismissing Lane's Complaint with

prejudice, and not allowing further leave to amend the Complaint. Lane timely filed Objections

to the R&R. The issue is ripe for disposition.

## II. STANDARD OF REVIEW

The Magistrate Judge screened the Complaint pursuant to 28 U.S.C. § 1915A, to

determine whether the Complaint failed to state a claim upon which relief can be granted. The

Complaint was screened using this motion to dismiss standard. Banks v. Cnty of Allegheny, 568

F. Supp. 2d 579, 588 (W.D. Pa. 2008). Under this standard, the Court must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (internal quotations omitted).

Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

When objections are filed to a Report and Recommendation of a Magistrate Judge, we

must make a *de novo* determination of those portions of the report to which objections are made.

28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In

doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.  Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  See U.S. v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### III.  DISCUSSION

In the R&R, the Magistrate Judge found that Lane's Complaint failed to state a claim upon which relief can be granted for at least three reasons: (1) the central record system, where an inmate's court records are located, is exempt from the Privacy Act; (2) court records of this type are generally exempted from the reach of the Privacy Act under 5 U.S.C. § 552a(j)(2); and (3) units of the federal courts are not subject to the Privacy Act.  The Magistrate Judge also found that further leave to amend the Complaint would be futile or result in undue delay, because the jurisdictional hurdles cannot be cured through amendment of the pleading.

Lane objects to the Magistrate Judge's R&R on the basis that the Magistrate Judge erred in applying certain sections of Title 28 of the Code of Federal Regulations and certain sections of Title 5 of the United States Code, and that the federal courts are not listed as a defendant, since they are not subject to the Privacy Act.

Subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination[.]" 5 U.S.C. § 552a(e)(5).  An individual may access an agency's records pertaining to him or her, and may request an amendment of those records.  See 5 U.S.C.

§ 552a(d).  If an agency will not amend the records, an individual may bring a civil action against

the agency.  See 5 U.S.C. § 552a(g)(1).  An individual may also bring a civil action against the

agency if the agency:

> fails to maintain any record concerning any individual with such accuracy, relevance,
> timeliness, and completeness as is necessary to assure fairness in any determination
> relating to the qualifications, character, rights, or opportunities of, or benefits to the
> individual that may be made on the basis of such record, and consequently a
> determination is made which is adverse to the individual[.]

5 U.S.C. § 552a(g)(1)(C).

The head of an agency may promulgate regulations to exempt any system of records

within the agency from the Privacy Act, with some exceptions, if the record is:

> maintained by an agency or component thereof which performs as its principal
> function any activity pertaining to the enforcement of criminal laws, including . . . the
> activities of prosecutors, courts, correctional probation, pardon, or parole authorities,
> and which consists of (A) information compiled for the purpose of identifying
> individual criminal offenders and alleged offenders and consisting only of identifying
> data and notations of arrests, the nature and disposition of criminal charges,
> sentencing, confinement, release, and parole and probation status; . . . or (C) reports
> identifiable to an individual compiled at any stage of the process of enforcement of
> the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).  Pursuant to this authority, regulations exempt the Central Records

System, among other record systems, from subsections (d) and (g) of the Privacy Act.  28 C.F.R.

§ 16.97(a).

Lane objects to the Magistrate Judge's use of 28 C.F.R. § 16.97, and argues that the

Magistrate Judge should have applied 28 C.F.R. § 16.46(d), which addresses Statements of

Disagreement.  We find that the Magistrate Judge correctly applied 28 C.F.R. § 16.97, as it is

applicable to the present issue.  We also note that 28 C.F.R. § 16.46, which Lane requests the

Court to apply, states that the records not subject to amendment or correction include, "[r]ecords

in systems of records that have been exempted from amendment and correction under the Privacy

Act, 5 U.S.C. 552a(j) or (k) by notice published in the Federal Register," 28 C.F.R. § 16.46(f)(4),

which would include the J&C, as it is held in the system of records exempted from the Privacy

Act.

Lane also objects to the Magistrate Judge's use of 5 U.S.C. §§ 552a(d), (e)(5), (g)(1), and

(g)(4), and argues that the Magistrate Judge should have applied 5 U.S.C. § 552a(g)(5). We find

that the Magistrate Judge correctly applied the Title 5 subsections and found that the records

contained in the BOP's central record system, are exempt from subsection 552a(g)(5). See

Jefferson v. Fed. Bureau of Prisons, 657 F. Supp. 2d 43, 47 (DDC 2009) (finding that the BOP

exempted the records contained in its Inmate Central Records System and its Judgment and

Commitment File, which are part of the Custodial and Security Records System, from Privacy

Act claims); see also Kates v. King, 487 Fed. App'x 704, 706 (3d Cir. 2012) (finding that the

District Court did not abuse its discretion in not allowing the plaintiff to amend his complaint,

because the BOP exempted its central record system, where an inmate's presentence

investigation report is located, from the Privacy Act).

Lastly, Lane objects to the Magistrate Judge's discussion about federal courts and the

Privacy Act. The Magistrate Judge found that the BOP cannot be compelled to revise court

records because federal courts and court records are not subject to the Privacy Act. Although

Lane agrees that federal courts are not subject to the Privacy Act and therefore, not a named

defendant, we find that the Privacy Act is not applicable to the records of "the courts of the

United States," which was the Magistrate Judge's point of discussion. See Standley v. Dept. of

Justice, 835 F.2d 215, 218 (9th Cir. 1987) (quoting 5 U.S.C. § 551(1)(B)).

Therefore, we agree with the Magistrate Judge and find that Lane's Complaint fails to state a claim against the defendant, upon which relief may be granted.  We also agree with the Magistrate Judge and find that further leave to amend the Complaint would be futile or result in undue delay, since the jurisdictional hurdles of Lane's claim cannot be cured through amendment of the Complaint.

## IV.  CONCLUSION

For the reasons set forth above, we will adopt the Magistrate Judge's Report and Recommendation and will dismiss Lane's Complaint with prejudice.  An appropriate Order is attached.